UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 07-43-KSF

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                                                **OPINION & ORDER**

JERRY BRUCE CLARK                                                                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the defendant, Jerry Bruce Clark, for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive crack cocaine amendments to the Federal Sentencing Guidelines. The United States objects to the motion on the ground that Clark was sentenced as a "career offender" and, therefore, is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2).

I.   BACKGROUND

On April 27, 2007, Clark entered a plea of guilty to conspiracy to distribute and to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (i). He was subsequently sentenced on July 27, 2007. Under the Sentencing Guidelines, his Base Offense Level for the cocaine offense was 34. Clark's criminal history reflected prior felony offenses for which he was classified as a Career Offender with an offense level of 37. Following an adjustment for acceptance of responsibility, Clark's Total Offense Level was 34. The guideline range for imprisonment on the cocaine offense was 262 to 327 months; however, pursuant

1

to 21 U.S.C. § 841(b)(1)(A), the minimum term of imprisonment was Life. After consideration of the Government's 5K.1 motion, Clark was sentenced to a term of 120 month on the cocaine offense and 36 months on the firearm charge to run consecutively for a total term of 156 months.

## II.     ANALYSIS

The United States notes that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). It argues, based upon *United States v. Addonizioi*, 442 U.S. 178, 189 n. 16 (1979), that "the authority to modify a sentence already commenced must be granted to the court by statute, and such modification is limited to the authority granted by the statute." In this case, the relevant statute is 18 U.S.C.§ 3582(c), which provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that –
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

The recently revised policy statement in U.S.S.G. § 1B1.10 provides in part:

> (2) Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
> . . .
> (B) an amendment listed in subsection (b) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. 1B1.10(a)(effective March 3, 2008, by Amendment 712). Application note 1(A) to this Guideline states that a reduction under § 3582(c)(2) is not authorized where "the amendment . . .

is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment n. 1(A).

The Eleventh Circuit recently addressed the same issue in *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008). There, the court considered five consolidated appeals from denials of sentence reductions and held that the defendants sentenced as career offenders were not eligible for the crack cocaine sentence reduction. *Id*. at 1330. "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence. Here, although Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect the guideline ranges because they were sentenced as career offenders under § 4B1.1." *Id*. Like Clark, two of the defendants in *Moore* also had 5K downward departures.

The Sixth Circuit has not yet spoken on the issue of eligibility for a sentence reduction under the crack cocaine amendment. This Court is persuaded, however, that the Eighth Circuit's analysis in *Moore* is correct and should be applied to the present case.

Although Clark's base offense level might be subject to a two-level reduction under Amendment 706, his guideline range as a career offender remained unchanged. Under the plain language of § 3582(c)(2), Clark's sentencing range has not "been lowered by the Sentencing Commission" and a reduction is not consistent "with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Application Note 1(A) specifically contemplates this situation and says a reduction is not authorized where "the amendment does not have the effect

of lowering the defendant's applicable guideline range *because of the operation of another guideline or statutory provision.*" U.S.S.G. § 1B1.10, Commentary, n. 1(A), emphasis added.

Having considered the record herein, the Court finds that the amendment to the crack cocaine guideline does not lower Clark's applicable guideline range. Clark's sentencing range was based on his status as a Career Offender and not because his offense involved cocaine base. Accordingly, he is not eligible for a sentence reduction, and this Court has no authority to grant such a reduction. In addition to the plain language of the statute and policy statement, this decision is further supported by the decisions in *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008); *United States v. Thomas*, 524 F.3d 889 (8th Cir. 2008); *United States v. Clark*, 2008 WL 4510440 (E.D. Tenn. October 1, 2008); *United States v. Perdue*, 2008 WL 4404278 (N.D.Ohio September 23, 2008); *United States v. Hamilton*, 2008 WL 4275681 (S.D.Ga September 17, 2008); *United States v. Pinckney*, 2008 WL 4489860 (S.D.Ga. October 6, 2008); *United States v. Duran-Romero*, 2008 WL 4449877 (D.Or. September 29, 2008); and *Bailey v. United States*, 2008 WL 4443909 (M.D. Fla. September 26, 2008).

### III. CONCLUSION

**IT IS ORDERED** that the Motion of Jerry Bruce Clark for a sentence reduction [DE #88] is **DENIED**.

This 18th day of November, 2008.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**

4